

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAIRE DICKSON, | : |
| | : |
| Plaintiff, | :     CIVIL ACTION NO. 14-1778 |
| | : |
| v. | : |
| | : |
| NOBLE HOUSE HOTELS & RESORTS, | : |
| individually and t/a LA PLAYA BEACH | : |
| & GOLF RESORT, LA PLAYA BEACH | : |
| & GOLF RESORT, RESORTS SPORTS, | : |
| INC., NATIONAL PASTA | :     **FILED** |
| ASSOCIATION, and NAPLES | : |
| TRANSPORTATION AND TOURS, LLC, | :     SEP 10 2014 |
| individually and t/a NAPLES | : |
| TRANSPORTATION TOURS & EVENT | :     MICHAEL E. KUNZ, Clerk |
| PLANNING, | :     By_____Dep. Clerk |
| | : |
| Defendants. | : |

## MEMORANDUM OPINION

Smith, J.                                                                                     September 10, 2014

Presently before the court are four motions to dismiss filed by the defendants, Noble

House Hotels & Resorts, individually and t/a La Playa Beach & Golf Resort, La Playa Beach &

Golf Resort, Resorts Sports, Inc., National Pasta Association, and Naples Transportation and

Tours, LLC, individually and t/a Naples Transportation Tours & Event Planning, that, although

not identical in substance, collectively contest the exercise of personal jurisdiction and the

establishment of venue in this matter. For the reasons discussed below, the court will deny the

motions as moot because the court lacks subject-matter jurisdiction over this dispute. The court

will consequently dismiss the complaint without prejudice and grant leave to the plaintiff to file,

if she can, a jurisdictionally-sound amended complaint.

## I.   ALLEGATIONS AND PROCEDURAL HISTORY

On March 25, 2014, the plaintiff, Claire Dickson, filed a complaint against the defendants in which she seeks relief in connection with an injury that she sustained on March 27, 2012, when her "left lower extremity" came into contact with an exposed metal spike protruding from a bocce ball court on premises located at 9891 Gulf Shore Drive, in Naples, Florida. *See* Compl. at ¶¶ 16-21, Doc. No. 1. The plaintiff presses negligence claims against the defendants premised on the defendants' alleged failure to maintain the subject premises in a safe condition. *See id.* at ¶¶ 20-22. The plaintiff relies on the diversity statute, 28 U.S.C. § 1332, to establish subject-matter jurisdiction. *See id.* at ¶ 13.

The defendants subsequently moved to dismiss the complaint. Viewing the motions to dismiss in the aggregate, the defendants seek dismissal on two grounds. *See* Mem. of Law in Supp. of Def., Nat'l Pasta Ass'n's Mot. to Dismiss ("Mem. of Law of Nat'l Pasta Ass'n") at 2-4, Doc. No. 21; Mem. of Law in Supp. of Def. Resort Sports, Inc.'s Mot. to Dismiss ("Mem. of Law of Resort Sports") at 2-3, Doc. No. 22; Mem. of Law in Supp. of Mot. to Dismiss for Improper Venue Under Fed. R. Civ. P. 12(b) ("Mem. of Law of Naples Transp. and Tours") at 2-5, Doc. No. 23; Mem. of Law in Supp. of Def. Noble House Hotels & Resorts, Ltd.'s Mot. to Dismiss for Lack of Personal Jurisdiction and Improper Venue ("Mem. of Law of Noble House") at 3-6, Doc. No. 24-3. First, all defendants argue that this court cannot exercise personal jurisdiction over them consistent with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See* Mem. of Law of Nat'l Pasta Ass'n at 2-3; Mem. of Law of Resort Sports at 2-3; Mem. of Law of Naples Transp. and Tonrs at 2-4; Mem. of Law of Noble House at 3-6. Second, and in the alternative, some of the defendants contend that venue is improper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391. *See* Mem. of Law of

2

Nat'l Pasta Ass'n at 3-4; Mem. of Law of Naples Transp. and Tours at 4-5; Mem. of Law of Noble House at 6.

The plaintiff, in turn, filed a response in opposition to each motion to dismiss. In each response, the plaintiff maintains that this court may exercise personal jurisdiction over the defendants and requests, in the alternative, that the court transfer this action to the Middle District of Florida should the court conclude that either personal jurisdiction or venue is improper. *See* Pl., Claire Dickson's, Mem. of Law in Supp. of her Opp'n to Def., Nat'l Pasta Ass'n's, Mot. to Dismiss for Lack of Personal Jurisdiction and/or for Improper Venue at 2-7, Doc. No. 26; Pl., Claire Dickson's, Mem. of Law in Supp. of her Opp'n to Def., Resort Sports, Inc.'s, Mot. to Dismiss for Lack of Personal Jurisdiction at 2-4, Doc. No. 27; Pl., Claire Dickson's, Mem. of Law in Supp. of her Opp'n to Def., Naples Transp. and Tours, LLC, t/a Naples Transp. Tours & Event Planning's Mot. to Dismiss or for Change of Venue at 3-5, Doc. No. 28; Pl., Claire Dickson's, Mem. of Law in Supp. of her Opp'n to Def., Noble House Hotels & Resorts, individually and t/a La Playa Beach & Golf Resort's, Mot. to Dismiss for Lack of Personal Jurisdiction and for Improper Venue at 2-5, Doc. No. 29-3.

To establish a factual predicate for the court's exercise of personal jurisdiction, the plaintiff attached an affidavit from her counsel, Arthur S. Novello, Esquire, to each response suggesting that the defendant, National Pasta Association, maintains contacts with the state of Pennsylvania through its "Pennsylvania-based members." Aff. at ¶ 2, Doc. No. 26-1; Aff. at ¶ 3, Doc. No. 27-1; Aff. at ¶ 4, Doc. No. 28-1; Aff. at ¶ 3, Doc. No. 29-2. The affidavit accompanying the response in opposition to the motion to dismiss filed by the National Pasta Association further specifies that the Philadelphia Macaroni Company is a Pennsylvania-based member of the National Pasta Association. Aff. at ¶¶ 2-5, Doc. No. 26-1.

The court held an initial pretrial conference with counsel for all parties on August 7, 2014, at which time the court inquired into the basis of subject-matter jurisdiction for this action. The court noted that the membership of the National Pasta Association, as derived from Attorney Novello's affidavits, likely divested the court of diversity jurisdiction given the plaintiff's allegation that she resides in Pennsylvania. *See* Compl. at ¶ 1. The court gave all parties an opportunity to take a position or comment on this jurisdictional issue. Unfortunately, counsel for the plaintiff was unable to explain how the court could exercise diversity jurisdiction under these circumstances.

## II.    DISCUSSION

### A.    <u>Standard of Review</u>

"[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte.*" *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) (citations omitted). Federal Rule of Civil Procedure 12(h)(3) further instructs that the court must dismiss the action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). When addressing the issue of subject-matter jurisdiction *sua sponte*, courts should ordinarily give the plaintiff "notice and an opportunity to respond." *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x 135, 138 (3d Cir. 2008) (citations omitted).

As federal courts are obligated to resolve any doubts concerning subject-matter jurisdiction, "one way or the other, before proceeding to a disposition of the merits," courts may "engage in factual analysis beyond the pleadings" to resolve those doubts. *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 512 (E.D. Pa. 2007) (citation omitted). In instances where an issue

of subject-matter jurisdiction is coupled with an issue of personal jurisdiction, courts should dispose of the issue of subject-matter jurisdiction before engaging with the question of personal jurisdiction unless compelling circumstances dictate otherwise. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (explaining this adjudicative principle) (citations omitted).

## B.  Analysis

The plaintiff invokes the diversity statute as the sole basis for subject-matter jurisdiction and, as such, the court must review the requirements underlying diversity jurisdiction to resolve the present doubts regarding the court's exercise of subject-matter jurisdiction in this matter. The diversity statute provides in relevant part that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States." 28 U.S.C. § 1332(a)(1). Courts have uniformly held that this statute demands "complete diversity of citizenship," a requirement that is not satisfied "unless *each* defendant is a citizen of a different [s]tate from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original) (footnote omitted). In determining citizenship, "[a] natural person is deemed to be a citizen of the state where she is domiciled." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citation omitted). Moreover, although a "corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business," "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419-20 (3d Cir. 2010) (citations omitted).

After applying this analytical framework to the jurisdictional allegations and facts attending this case, it is clear that the court lacks subject-matter jurisdiction over the instant

complaint because the plaintiff and the defendant, National Pasta Association, are both citizens of Pennsylvania. In the complaint, the plaintiff alleges that she resides at 130 Birkdale Drive, Blue Bell, PA 19422.[1] *See* Compl. at ¶ 1. The plaintiff further alleges that the National Pasta Association is "a corporation, partnership, and/or legal entity with offices at 750 National Press Building, 529 14th Street NW, Washington, DC 20045."[2] *See id.* at ¶ 8. After the National Pasta Association moved to have the complaint dismissed on the grounds of lack of personal jurisdiction and improper venue, Attorney Novello submitted numerous affidavits stating that the Philadelphia Macaroni Company is a member of the National Pasta Association. Aff. at ¶ 2, Doc. No. 26-1; Aff. at ¶ 3, Doc. No. 27-1; Aff. at ¶ 4, Doc. No. 28-1; Aff. at ¶ 3, Doc. No. 29-2. The Philadelphia Macaroni Company appears to be a corporation incorporated in the state of Pennsylvania, thus rendering it a citizen of the state of Pennsylvania.[3] Because the National Pasta Association takes on the citizenship of the Philadelphia Macaroni Company, the National Pasta Association is likewise a citizen of Pennsylvania. Complete diversity is therefore lacking because the National Pasta Association is not diverse from the plaintiff. The court is thus compelled to dismiss the instant complaint for want of subject-matter jurisdiction.

---

[1] The court is well aware that this sole allegation of residency is insufficient to establish the citizenship of the plaintiff. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) (stating that allegations of residency are insufficient to establish citizenship for purposes of diversity (citation omitted)). Accordingly, the court will grant leave to the plaintiff to address this very issue. Nonetheless, and to preempt any potential jurisdictional problems likely to arise, the court assumes for purposes of this decision only that the plaintiff, as is often the case with other litigants, intended to establish citizenship through allegations of residency. Thus, the court assumes without deciding that the plaintiff is a citizen of Pennsylvania.

[2] The court respectfully notes that this allegation, too, is insufficient to establish citizenship for purposes of diversity. "Because the citizenship inquiry is not the same for all business entities, [the] [p]laintiff must identify how [the] [d]efendant is organized and allege the facts necessary to establish the citizenship of that particular type of business entity." *Grabowski v. Liberty Mut. Fire Ins. Co.*, No. 3:14-815, 2014 WL 1745893, at *2 (M.D. Pa. May 1, 2014) (citations omitted).

[3] Business Entity Filing History, https://www.corporations.state.pa.us/corp/soskb/Corp.asp?264225 (last visited Sept. 8, 2014). Attorney Novello also attached printouts from the National Pasta Association's website. *See* Pl., Claire Dickson's, Mem. of Law in Supp. of her Opp'n to Def., Nat'l Pasta Ass'n's, Mot. to Dismiss for Lack of Personal Jurisdiction and/or for Improper Venue at Exs. 1-3, Doc. No. 26-1.

6

Although the court gave counsel for the plaintiff an opportunity to respond to this jurisdictional issue at the initial pretrial conference, the court will grant leave to the plaintiff to file an amended complaint that establishes complete diversity through proper allegations of citizenship. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that 28 U.S.C. § 1653 "gives both district and appellate courts the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts" (citation omitted)).

### III.   CONCLUSION

As complete diversity is not present, the court cannot exercise diversity jurisdiction over the instant dispute. The court must therefore dismiss the complaint without prejudice. Given this result, the court will not pass upon the substantive merits of the motions to dismiss. The court will deny these motions as moot and grant leave to the plaintiff to file an amended complaint that comports with the strictures of the diversity statute.

An appropriate order follows.

BY THE COURT:

_____
EDWARD G. SMITH, J.

7